

000000000004550031095506162009*

First National Bank of Olathe

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $15 145 50 | 06 16-2009 | 12 16 2009 | [redacted]0031 | RC C 6c / 5 | 2334 | *** | |

References in the boxes above are for Lender s use only and do not limit the applicability of this document to any particular loan or item Any item above containing has been omitted due to text length limitations

**Borrower** Blair H Auld
P O Box 4047
Olathe KS 66063

**Lender** The First National Bank of Olathe
BR 1
444 E Santa Fe
PO Box 1500
Olathe KS 66051 1500

---

**Principal Amount** $15 145 50 **Interest Rate** 6 000% **Date of Note** June 16 2009

**PROMISE TO PAY** I ( Borrower ) promise to pay to The First National Bank of Olathe ( Lender ) or order in lawful money of the United States of America the principal amount of Fifteen Thousand One Hundred Forty five & 50/100 Dollars ($15 145 50) together with interest on the unpaid principal balance from June 16 2009 calculated as described in the INTEREST CALCULATION METHOD paragraph using an interest rate of 6 000% per annum until paid in full The interest rate may change under the terms and conditions of the INTEREST AFTER DEFAULT section

**PAYMENT** I will pay this loan in one principal payment of $15 145 50 plus interest on December 16 2009 This payment due on December 16 2009 will be for all principal and all accrued interest not yet paid Unless otherwise agreed or required by applicable law payments will be applied to Interest Principal Loan Fees Pass Through Escrow I will pay Lender at Lender s address shown above or at such other place as Lender may designate in writing

**INTEREST CALCULATION METHOD** Interest on this Note is computed on a 365/365 simple interest basis that is by applying the ratio of the interest rate over the number of days in a year (366 during leap years) multiplied by the outstanding principal balance multiplied by the actual number of days the principal balance is outstanding All interest payable under this Note is computed using this method

**PREPAYMENT** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default) except as otherwise required by law Except for the foregoing I may pay without penalty all or a portion of the amount owed earlier than it s due A partial prepayment will be credited toward payment of future installments My obligation to make regular installments will resume once the partial prepayment has been fully applied If the partial prepayment is insufficient to meet the entire requirements of a particular future installment then I shall be obligated to pay such portion of the installment not covered by the partial prepayment I agree not to send Lender payments marked paid in full without recourse or similar language If I send such a payment Lender may accept it without losing any of Lender s rights under this Note and I will remain obligated to pay any further amount owed to Lender All written communications concerning disputed amounts including any check or other payment instrument that indicates that the payment constitutes payment in full of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to The First National Bank of Olathe BR 1 444 E Santa Fe PO Box 1500 Olathe KS 66051 1500

**INTEREST AFTER DEFAULT** If Lender declares my entire loan immediately due after a default or upon final maturity then the total sum due under this Note will accrue interest from the date of acceleration or maturity at the interest rate under this Note until paid in full

**DEFAULT** I will be in default if any of the following happens (A) Payment Default I fail to make a payment as required by this Note (B) Other Defaults The prospect of payment performance or realization of any collateral for this loan is significantly impaired

**LENDER S RIGHTS** If I am in default Lender may in addition to any other rights Lender has and subject to any cure and notice provisions of the Kansas Uniform Consumer Credit Code declare my entire loan immediately due I will then pay Lender the unpaid part of the Principal Amount any interest that is earned but unpaid and any reasonable collection costs

**ATTORNEYS FEES EXPENSES** Lender may hire or pay someone else who is not Lender s salaried employee to help collect this Note if I do not pay I will pay Lender that amount This includes all reasonable costs incurred in the collection of this Note including but not limited to court costs attorneys fees and collection agency fees except that such costs of collection shall not include recovery of both attorneys fees and collection agency fees nor shall such costs be in excess of fifteen percent (15%) of the unpaid debt after default

**GOVERNING LAW** This Note will be governed by federal law applicable to Lender and to the extent not preempted by federal law the laws of the State of Kansas without regard to its conflicts of law provisions This Note has been accepted by Lender in the State of Kansas

**CHOICE OF VENUE** If there is a lawsuit I agree upon Lender s request to submit to the jurisdiction of the courts of Johnson County State of Kansas

**DISHONORED ITEM FEE** I will pay a fee to Lender of $20 00 if I make a payment on my loan and the check or preauthorized charge with which I pay is later dishonored

**RIGHT OF SETOFF** To the extent permitted by applicable law Lender reserves a right of setoff in all my accounts with Lender (whether checking savings or some other account) This includes all accounts I hold jointly with someone else and all accounts I may open in the future However this does not include any IRA or Keogh accounts or any trust accounts for which setoff would be prohibited by law I authorize Lender to the extent permitted by applicable law to charge or setoff all sums owing on the indebtedness against any and all such accounts and at Lender s option to administratively freeze all such accounts to allow Lender to protect Lender s charge and setoff rights provided in this paragraph

**COLLATERAL** I acknowledge this Note is secured by the following collateral described in the security instruments listed herein a motor vehicle described in Consumer Security Agreements dated June 16 2009

**SUCCESSOR INTERESTS** The terms of this Note shall be binding upon me and upon my heirs personal representatives successors and assigns and shall inure to the benefit of Lender and its successors and assigns

**GENERAL PROVISIONS** If any part of this Note cannot be enforced this fact will not affect the rest of the Note Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them I and any other person who signs guarantees or endorses this Note to the extent allowed by law waive presentment demand for payment protest and notice of dishonor Upon any change in the terms of this Note and unless otherwise expressly stated in writing no party who signs this Note whether as maker guarantor accommodation maker or endorser shall be released from liability All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral or impair fail to realize upon or perfect Lender s security interest in the collateral All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made The obligations under this Note are joint and several This means that the words I me and my mean each and all of the persons signing below

**APPLICABLE LENDING LAW** I AGREE THAT TO THE EXTENT NOT PREEMPTED BY FEDERAL LAW THIS NOTE IS SUBJECT TO THE KANSAS UNIFORM CONSUMER CREDIT CODE AND THAT THE RATES OF INTEREST ALLOWED BY K S A SECTION 16A 2 401 SHALL APPLY TO THIS LOAN

[redacted]

PRIOR TO SIGNING THIS NOTE I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE I AGREE TO THE TERMS OF THE NOTE
I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE

This Notice is required by Kansas law In this Notice the term you means the Borrower named above

**NOTICE TO CONSUMER** 1 Do not sign this Agreement before you read it 2 You are entitled to a copy of this Agreement 3 You may prepay the unpaid balance at any time without penalty

**BORROWER**

X _____
Blair H Auld

**LENDER**

THE FIRST NATIONAL BANK OF OLATHE

X _____
Deborah Newton Retail Banking Officer



0000000000004550031035506162009

First National Bank of Olathe

# DISCLOSURE STATEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $15 145 50 | 06 16 2009 | 12 16 2009 | [redacted]0031 | RC C 6c / 5 | 2334 | *** | |

References in the boxes above are for Lender s use only and do not limit the applicability of this document to any particular loan or item
Any item above containing "***" has been omitted due to text length limitations

**Borrower** Blair H Auld
P O Box 4047
Olathe KS 66063

**Lender** The First National Bank of Olathe
BR 1
444 E Santa Fe
PO Box 1500
Olathe KS 66051 1500

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost me | Amount Financed<br>The amount of credit provided to me or on my behalf | Total of Payments<br>The amount I will have paid after I have made all payments as scheduled |
|---|---|---|---|
| 7 366% | $555 61 | $15 045 50 | $15 601 11 |

**PAYMENT SCHEDULE** My payment schedule will be one payment of $15 601 11 on December 16 2009

**PROPERTY INSURANCE** I may obtain property insurance from anyone I want that is acceptable to Lender

**SECURITY** A security interest is being given in the goods or property being purchased In addition Lender has also reserved a contractual right of setoff in my deposit accounts

**PREPAYMENT** If I pay off early I will not be entitled to a refund of the prepaid finance charges and I will not have to pay a penalty

I will look at my contract documents for any additional information about nonpayment default any required repayment in full before the scheduled date and prepayment refunds

I read and was given a completed copy of this Disclosure Statement on June 16 2009 prior to signing the Note

**BORROWER**

X ______________________
Blair H Auld

## Amount Financed Itemization

| | | |
|---|---|---|
| **Amount paid to others on my behalf** | | $15 000 00 |
| $15 000 00 to Jeff Gregg Purchase Money cc70948 | | |
| **Other Charges Financed** | | $45 50 |
| $2 50 Title Recording Fee | | |
| $43 00 UCC Filing Fees | | |
| **Total Financed Prepaid Finance Charges** | | $100 00 |
| **Note Principal** | | $15 145 50 |
| **Prepaid Finance Charges** | | $100 00 |
| Financed | $100 00 | |
| $100 00 Loan Origination Fee | | |
| **Amount Financed** | | $15 045 50 |



00000000000455003102700616200 9

[redacted]

First National Bank of Olathe

# CONSUMER SECURITY AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $15 145 50 | 06-16-2009 | 12-16 2009 | [redacted]0031 | RC C 6c / 5 | 2334 | *** | |
| References in the boxes above are for Lender s use only and do not limit the applicability of this document to any particular loan or item Any item above containing has been omitted due to text length limitations | | | | | | | |

**Borrower** Blair H Auld
P O Box 4047
Olathe KS 66063

**Lender** The First National Bank of Olathe
BR 1
444 E Santa Fe
PO Box 1500
Olathe KS 66051 1500

**Grantor** Blair Hayes Auld
P O Box 4047
Olathe KS 66063

THIS CONSUMER SECURITY AGREEMENT dated June 16 2009 is entered into among Blair Hayes Auld (referred to below as I ) Blair H Auld (referred to below as Borrower ) and The First National Bank of Olathe (referred to below as Lender )

**GRANT OF SECURITY INTEREST** To secure the Indebtedness described herein (including all obligations under the Note and this Agreement) I grant to Lender a security interest in all of the Property described below I understand that the following statements set forth my responsibilities as well as Lender s rights concerning the Property I agree as follows

**PROPERTY DESCRIPTION** The word Property as used in this Agreement means the following described property whether now owned or hereafter acquired whether now existing or hereafter arising and wherever located in which I am giving to Lender a security interest for the payment of the Indebtedness and performance of all other obligations under the Note and this Agreement

**Purchase Money Security Interest in 1967 CHEVROLET CAMARO VIN #123377N243599**

In addition the word Property also includes all the following whether now owned or hereafter acquired whether now existing or hereafter arising and wherever located all accessions attachments accessories replacements of and additions to any of the property described herein (such as tires or batteries attached to a car a motor attached to a boat or appliances and fixtures attached to a mobile home) whether added now or later together with all proceeds (including insurance proceeds and refunds of insurance premiums) if any and sums due from a third party who has damaged or destroyed the Property or from that party s insurer whether due to judgment settlement or other process

Despite any other provision of this Agreement Lender s not granted and will not have a nonpurchase money security interest in household goods to the extent such a security interest would be prohibited by applicable law In addition if Lender is required to give notice of the right to cancel under Truth in Lending in connection with any additional loans extensions of credit and other liabilities or obligations of me to Lender then this Agreement shall not secure additional loans or obligations unless and until such notice and all material Truth in Lending disclosures are delivered

**FUTURE ADVANCES** In addition to the Note this Agreement secures all future advances made by Lender to Borrower regardless of whether a Lender is required by any agreement with Borrower to extend the advance or b the advance is made for the same purposes

**WARRANTIES AND REPRESENTATIONS** I warrant and represent to Lender that (a) This Agreement is executed at Borrower s request and not at the request of Lender (b) I have established adequate means of obtaining from Borrower on a continuing basis information about Borrower s financial condition and (c) Lender has made no representations to me about Borrower or Borrower s creditworthiness

**GRANTOR S WAIVERS** I waive all requirements of presentment protest demand and notice of dishonor or non payment to me to Borrower or to any other party to the Indebtedness or the Property Lender may do any of the following with respect to the Indebtedness or any other obligation of any Borrower without first obtaining my written consent (A) grant any extension of time for any payment (B) grant any renewal (C) permit any modification of payment terms or other terms or (D) exchange or release any Property or other security No such act or failure to act shall affect Lender s rights against me or the Property

**BORROWER S WAIVERS AND RESPONSIBILITIES** Lender need not tell Borrower about any action or inaction it takes in connection with this Agreement Borrower assumes the responsibility for keeping informed about the Property Borrower waives any defenses that may arise because of any action or inaction of Lender including any failure or delay of Lender to collect on the Property Borrower agrees to remain liable under the Note and Indebtedness no matter what action Lender takes or fails to take under this Agreement

**RIGHT OF SETOFF** To the extent permitted by applicable law Lender reserves a right of setoff in all my accounts with Lender (whether checking savings or some other account) This includes all accounts I hold jointly with someone else and all accounts I may open in the future However this does not include any IRA or Keogh accounts or any trust accounts for which setoff would be prohibited by law I authorize Lender to the extent permitted by applicable law to charge or setoff all sums owing on the Indebtedness against any and all such accounts and at Lender s option to administratively freeze all such accounts to allow Lender to protect Lender s charge and setoff rights provided in this paragraph

**REPRESENTATIONS AND PROMISES WITH RESPECT TO GRANTOR** I represent and promise to Lender that my correct legal name and address is Blair Hayes Auld P O Box 4047 Olathe KS 66063

**REPRESENTATIONS AND PROMISES WITH RESPECT TO THE PROPERTY** I represent and promise to Lender that

**Ownership** I am the lawful owner of the Property The Property is free and clear of all loans liens security interests mortgages claims and encumbrances except for those I have disclosed to Lender in writing prior to my signing this Agreement I agree to defend Lender s rights in the Property against the claims and demands of all persons I will not allow any other liens on the Property even if they are junior to Lender s lien I have the full authority and right to enter into this Agreement and to grant a security interest in the Property to Lender

**No Sale** Without Lender s prior written consent I will not sell lease transfer borrow against or otherwise dispose of any of my rights in the Property unless and until all the Indebtedness is paid in full

**Location of the Property** I agree to keep the Property at my address shown above unless Lender tells me I can move it I will not do anything that requires applying for a certificate of title for the vehicle in another state If I move from my address shown above to another location within the same state I may move the Property to my new address but only if I give Lender the new address in writing prior to my moving In any event I agree to keep Lender informed at all times of my current address

**Maintenance and Insurance** I will keep the Property in good condition and repair If the Property is damaged lost or stolen I immediately will inform Lender I will keep the Property fully insured against all loss or damage by fire theft collision and such other hazards as Lender may require from time to time The insurance will be on terms including deductible provisions and endorsements that are satisfactory to Lender including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender and not including any disclaimer of the insurer s liability for failure to give such notice I understand I may obtain insurance from any insurance company I may choose that is reasonably acceptable to Lender I will provide Lender with the original insurance policy or other proof satisfactory to Lender of the insurance coverage together with all endorsements required by Lender including an endorsement naming Lender as the party to whom all losses will be paid If Lender receives a refund of any insurance premiums I agree that the refund is Property covered by this Agreement Lender may apply the refund to payment of any of the Indebtedness Any insurance policy which I deliver to Lender will be held to secure payment of the Indebtedness Until all Indebtedness is paid in full Lender is authorized but shall not be required to file any proof of loss adjust any loss receive and receipt for any sum payable surrender any policy discharge and release any insurer endorse any loss or refund check or draft and in general do in my name or otherwise any and all things with respect to the insurance or any insurance proceeds

**Inspection** I agree that Lender or Lender s agents shall have the right from time to time to inspect the Property wherever located

**Financing Statements** I authorize Lender to file a UCC financing statement or alternatively a copy of this Agreement to perfect Lender s

security interest At Lender s request I additionally agree to sign all other documents that are necessary to perfect protect and continue Lender s security interest in the Property I will pay all filing fees title transfer fees and other fees and costs involved unless prohibited by law or unless Lender is required by law to pay such fees and costs Lender may file a copy of this Agreement as a financing statement If I change my name or address or the name or address of any person granting a security interest under this Agreement changes I will promptly notify the Lender of such change

**LENDER S EXPENDITURES** If I fail (A) to keep the Property free of all taxes liens security interests encumbrances and other claims (B) to provide any required insurance on the Property or (C) to make repairs to the Property then Lender may do so If any action or proceeding is commenced that would materially affect Lender s interests in the Property then Lender on my behalf may but is not required to take any action that Lender believes to be appropriate to protect Lender s interests All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by me All such expenses will become a part of the Indebtedness and at Lender s option will (A) be payable on demand (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy or (2) the remaining term of the Note or (C) be treated as a balloon payment which will be due and payable at the Note s maturity The Agreement also will secure payment of these amounts The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had

**DEFAULT** I will be in default if any of the following happens

**Payment Default** Borrower fails to make any payment when due under the Note

**Other Payment Defaults** Borrower or I fail to make any other payment when due under this Agreement

**Property** The prospect of payment performance or realization of the Property is significantly impaired

**LENDER S RIGHTS** I may keep and use the Property so long as I am not in default under this Agreement If I am in default this is what Lender may do in addition to any other rights Lender may have

**Accelerate Indebtedness** Lender may declare all Indebtedness immediately due and payable without notice

**Other Rights and Remedies** In addition Lender will have all the rights of a secured party under the Uniform Commercial Code and other applicable law as limited by the Kansas Uniform Consumer Credit Code If the Property contains any goods not covered by this Agreement at the time of repossession I agree that Lender may take such goods provided that Lender makes reasonable efforts to return them to me after repossession If Lender asks me to do so I will gather the Property and make it available to Lender at a place reasonably convenient to both Lender and me

**Application of Proceeds** If Lender sells the Property Lender will apply the net proceeds of the sale to reduce the amount owed Lender Net proceeds means the sale price less the expenses of repossession repair and sale

**Notice** Unless the Property threatens to decline speedily in value or is of a type customarily sold on a recognized market Lender will give me and other persons as required by law reasonable notice of the time and place of any public sale or of the time after which any private sale or any other intended disposition of the Property is to be made The requirements of reasonable notice shall be met if such notice is given at least ten (10) days before the time of the sale or disposition except as otherwise required by applicable law

**MISCELLANEOUS PROVISIONS** The following miscellaneous provisions are a part of this Agreement

**Amendments and Interpretation** (1) What s written in this Agreement is my entire agreement with Lender concerning the Property This Agreement may not be changed except by another written agreement between us (2) If more than one person signs below our obligations are joint and several This means that the words I me and my mean each and every person or entity signing this Agreement and that if Lender brings a lawsuit Lender may sue any one or more of us I also understand Lender need not sue Borrower first and that Borrower need not be joined in any lawsuit (3) The names given to paragraphs or sections in this Agreement are for convenience purposes only They are not to be used to interpret or define the provisions of this Agreement (4) I agree that this Agreement is the best evidence of my agreements with Lender

**Attorneys Fees Expenses** Lender may hire or pay someone else who is not Lender s salaried employee to help enforce this Agreement and I shall pay the costs and expenses of such enforcement Costs and expenses include all reasonable costs incurred in the collection of the Indebtedness including but not limited to court costs attorneys fees and collection agency fees except that such costs of collection shall not include recovery of both attorneys fees and collection agency fees nor shall such costs be in excess of fifteen percent (15%) of the unpaid debt after default

**Caption Headings** Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement

**Governing Law** This Agreement will be governed by federal law applicable to Lender and to the extent not preempted by federal law the laws of the State of Kansas without regard to its conflicts of law provisions This Agreement has been accepted by Lender in the State of Kansas

**Choice of Venue** If there is a lawsuit I agree upon Lender s request to submit to the jurisdiction of the courts of Johnson County State of Kansas

**Notices** Any notice required to be given under this Agreement shall be given in writing and shall be effective when actually delivered when actually received by telefacsimile (unless otherwise required by law) when deposited with a nationally recognized overnight courier or if mailed when deposited in the United States mail as first class certified or registered mail postage prepaid directed to the addresses shown near the beginning of this Agreement Any person may change his or her address for notices under this Agreement by giving formal written notice to the other person or persons specifying that the purpose of the notice is to change the person s address For notice purposes I agree to keep Lender informed at all times of my current address Unless otherwise provided or required by law if there is more than one Grantor any notice given by Lender to any Grantor is deemed to be notice given to all Grantors It will be my responsibility to tell the others of the notice from Lender

**No Waiver by Lender** I understand Lender will not give up any of Lender s rights under this Agreement unless Lender does so in writing The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right If Lender does agree in writing to give up one of Lender s rights that does not mean I will not have to comply with the other provisions of this Agreement I also understand that if Lender does consent to a request that does not mean that I will not have to get Lender s consent again if the situation happens again I further understand that just because Lender consents to one or more of my requests that does not mean Lender will be required to consent to any of my future requests I waive presentment demand for payment protest and notice of dishonor I waive all rights of exemption from execution or similar law in the Property and I agree that the rights of Lender in the Property under this Agreement are prior to my rights while this Agreement remains in effect

**Severability** If a court finds that any provision of this Agreement is not valid or should not be enforced that fact by itself will not mean that the rest of this Agreement will not be valid or enforced Therefore a court will enforce the rest of the provisions of this Agreement even if a provision of this Agreement may be found to be invalid or unenforceable

**Successors and Assigns** Subject to any limitations stated in this Agreement on transfer of my interest this Agreement shall be binding upon and inure to the benefit of the parties their successors and assigns If ownership of the Property becomes vested in a person other than me Lender without notice to me may deal with my successors with reference to this Agreement and the Indebtedness by way of forbearance or extension without releasing me from the obligations of this Agreement or liability under the Indebtedness

**Time is of the Essence** Time is of the essence in the performance of this Agreement

**DEFINITIONS** The following words shall have the following meanings when used in this Agreement

**Agreement** The word Agreement means this Consumer Security Agreement as this Consumer Security Agreement may be amended or modified from time to time together with all exhibits and schedules attached to this Consumer Security Agreement from time to time

**Borrower** The word Borrower means Blair H Auld and includes all co signers and co makers signing the Note and all their successors and assigns

**Grantor** The word Grantor means Blair Hayes Auld

**Indebtedness** The word Indebtedness means the indebtedness evidenced by the Note or Related Documents including all principal and interest together with all other indebtedness and costs and expenses for which Borrower is responsible under this Agreement or under any of the Related Documents Specifically without limitation Indebtedness includes the future advances set forth in the Future Advances provision of this Agreement together with all interest thereon

Case 10-24385   Doc# 22-3   Filed 02/02/11   Page 5 of 6

**Lender** The word Lender means The First National Bank of Olathe its successors and assigns The words successors or assigns

mean any person or company that acquires any interest in the Note

**Note** The word Note means the note or credit agreement dated June 16 2009 in the principal amount of $15 145 50 from Blair H Auld to Lender together with all renewals of extensions of modifications of refinancings of consolidations of and substitutions for the note or credit agreement

**Property** The word Property means all of my right title and interest in and to all the Property as described in the Property Description section of this Agreement

**Related Documents** The words Related Documents mean all promissory notes credit agreements loan agreements environmental agreements guaranties security agreements mortgages deeds of trust security deeds collateral mortgages and all other instruments agreements and documents whether now or hereafter existing executed in connection with the Indebtedness

**BORROWER AND I HAVE READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS CONSUMER SECURITY AGREEMENT AND AGREE TO ITS TERMS THIS AGREEMENT IS DATED JUNE 16 2009**

This Notice is required by Kansas law In this Notice the term you means the Grantor named above

**NOTICE TO CONSUMER 1 Do not sign this Agreement before you read it 2 You are entitled to a copy of this Agreement 3 You may prepay the unpaid balance at any time without penalty**

**GRANTOR**

X_____
Blair Hayes Auld

**LENDER**

THE FIRST NATIONAL BANK OF OLATHE

By_____
Deborah Newton Retail Banking Officer

**BORROWER**

X_____
Blair H Auld

Case 10-24385   Doc# 22-3   Filed 02/02/11   Page 6 of 6