**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS (KANSAS CITY)**

| | | |
|---|---|---|
| In re: | ) Case No. 10-24385-dls | |
| | ) Chapter 13 | |
| Blair H. Auld | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| First National Bank of Olathe | ) | |
| | ) | |
| Plaintiff, | ) Adv. No. _____ | |
| v. | ) | |
| | ) | |
| Blair H. Auld | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OBJECTING TO THE DISCHARGE OF THE DEBTOR AND/OR A COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF A DEBT

COMES NOW First National Bank of Olathe ("FNBO"), by and through its attorney, Jill D. Olsen, and for its Complaint Objecting to the Discharge of the Debtor and to Determine the Dischargeability of a Debt respectfully states as follows:

1. Plaintiff is a banking institution, duly authorized to conduct business in the State of Kansas.

2. Defendant Blair H. Auld ("Debtor") is the debtor in the above-captioned bankruptcy proceeding and is a resident of Kansas.

3. This is a core proceeding, and this Court may exercise jurisdiction over the subject matter and the parties hereto in accordance with 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 523 and 727.

4. Venue in this proceeding is properly in this Court in accordance with 28 U.S.C. § 1409.

### Count I – Determination of Dischargeability under Section 523(a)(2)

5. Plaintiff incorporates the allegations contained in paragraphs 1-4 by reference as though fully set forth herein.

6. On May 1, 2008, Debtor executed a Promissory Note ("Note") with FNBO in the principal amount of $58,004.00, secured by a purchase money security interest in a 2008 Ford Mustang Shelby GT500 (the "Mustang").

7. The Note was subsequently amended and/or refinanced, at Debtor's request, on July 11, 2008, August 6, 2008, October 7, 2008, January 6, 2009 and May 1, 2009 (all of these amendments/modifications/refinances, along with the original Note, are collectively referred to as "the Notes").

8. By signing the Notes, the Debtor represented that the Mustang would be keep in good condition and repair and that if the Mustang was damaged, Debtor would immediately notify FNBO.

9. Debtor has testified, under oath at his 2004 exam on March 29, 2011, that when he bought the Mustang, brand new, it was fully loaded and in pristine condition.

10. Debtor further testified, under oath at his 2004 exam, that the Mustang was last driven in 2008 because the motor and transmission were damaged, that he removed the motor and transmission, and that he never notified FNBO of the damaged condition of the Mustang.

11. Thus, at the time the 2009 Notes were signed, debtor knew that the representations therein as to the condition of the Mustang were false and obtained the loans under false pretenses.

12. Debtor intended for FNBO to rely on the false representations.

13. FNBO did rely upon the Debtor's false representations concerning the condition of the Mustang, FNBO's reliance was reasonable and justified, and FNBO would not have made the loans to the Debtor if it had known of the condition of the Mustang.

14. When FNBO recovered the Mustang from the Debtor after the bankruptcy filing, the damage was extensive and significantly, negatively impacted the value of the Mustang. The engine and transmission had been removed and replaced with older, non-working parts, all of the engine wiring had been removed, the interior leather seats and accessories had been removed and/or replaced with inferior parts, the tires and wheels had been replaced with inferior tires and wheels, as well as many other valuable and necessary items being removed.

15. The balance owing on this debt to FNBO is $40,876.27 as of May 23, 2011, with interest accruing thereafter at the rate of 5.75%, plus attorney's fees and costs.

16. The Bank has been damaged by Debtor's false representations and Debtor should not receive a discharge of this debt.

WHEREFORE, First National Bank of Olathe respectfully prays the Court's order under Count I of its petition finding and determining that the sum of $40,876.27, plus interest, attorney's fees, and costs be deemed nondischargeable by virtue of Section 523(a)(2) of the Bankruptcy Code,

that judgment be entered for said sum in favor of Plaintiff and against Defendant, and for such other and further relief as the Court deems just.

### Count II – Determination of Dischargeability under Section 523(a)(6)

17.     Plaintiff incorporates the allegations contained in paragraphs 1-16 by reference as though fully set out herein.

18.     In his testimony under oath at his 2004 exam, the Debtor testified that he put a computer chip in the Mustang to increase the horsepower, thus knowingly, wantonly and willingly voiding the warranty.

19.     Debtor further testified under oath that he deliberately put the Mustang on a dyno to test the horsepower, deliberately stressing the engine and causing the engine to fail.

20.     Debtor willfully and maliciously damaged the Mustang by removing the original engine and transmission, all of the engine wiring, the interior leather seats and accessories, the tires and wheels and every other valuable item that is specific to a Shelby Mustang Cobra GT500.

21.     The damage done to the Mustang by the Debtor was willful and was intentionally done to injure, impair, hinder or delay FNBO.

22.     The damage done to the Mustang by the Debtor was malicious and was intentionally done to injure, impair, hinder or delay FNBO.

23.     Due to the willful and malicious act of the Debtor, FNBO has been injured in the amount of $40,876.27, representing the unpaid balance of the loan, as well as attorney's fees and costs incurred.

24.     All such charges, plus interest thereon, are nondischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code.

WHEREFORE, First National Bank of Olathe respectfully prays the Court's order under Count II of its petition finding and determining that the sum of $40,876.27, plus interest, attorney's fees, and costs be deemed nondischargeable by virtue of Section 523(a)(6) of the Bankruptcy Code, that judgment be entered for said sum in favor of Plaintiff and against Defendant, and for such other and further relief as the Court deems just.

### Count III – Objection to Discharge under Section 727(a)(2)

25.     Plaintiff incorporates the allegations contained in paragraphs 1 through 24 as though fully set out herein.

26.     The Debtor's removal of the items and accessories from the Mustang, as well as the damage to the interior and the engine, was done with the intent to hinder, delay or defraud FNBO.

27.     The Debtor's removal of the items and accessories from the Mustang, as well as the damage to the interior and the engine was done sometime after July 18, 2010.

28.     By removing items and accessories from the Mustang and damaging the interior and the engine, the Debtor transferred, removed, destroyed, mutilated and/or concealed or permitted to be transferred, removed, destroyed, mutilated or concealed property of the debtor, within one year before the date of the filing of the petition.

29.     By removing items and accessories from the Mustang and damaging the interior and the engine, the Debtor transferred, removed, destroyed, mutilated and/or concealed or permitted to be transferred, removed, destroyed, mutilated or concealed property of the estate, after the date of the filing of the petition.

WHEREFORE, First National Bank of Olathe respectfully prays the Court's order under Count III of its Petition denying the discharge of Defendant under 11 U.S.C. §727(a)(2) and for such other and further relief as the Court deems just and proper under the circumstances.

### Count IV – Objection to Discharge under Section 727(a)(4)

30.     Plaintiff incorporates the allegations contained in paragraphs 1 through 29 as though fully set out herein.

31.     In his testimony at his 2004 exam, the Debtor testified under oath that he did not race the Mustang.

32.     The Debtor also testified that the Mustang had not been driven since 2008.

33.     Stickers located on the window of the Mustang indicate that the Debtor registered the Mustang at the July 25-27, 2008 and July 16-18, 2010 Car Craft Summer Nationals at the Minnesota State Fairgrounds and that the Mustang was driven as a racecar in those events.

34.     The Debtor also testified that the Mustang was intact, that it had dash instruments, air bags, fog lights, and a horn, and that the engine wiring, power steering pump and air cleaner were all in the trunk of the Mustang.

35.     FNBO's inspection of the Mustang indicated that the air bags, fog lights and horn were all missing, along with all of the engine components.

36.     Debtor knowingly and fraudulently made repeated false oaths in this matter.

WHEREFORE, First National Bank of Olathe respectfully prays the Court's order under Count IV of its Petition denying the discharge of Defendant under 11 U.S.C. §727(a)(4) and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

THE OLSEN LAW FIRM, LLC

 /s/ Jill D. Olsen
Jill D. Olsen      KS #20105
1044 Main St., Suite 400
Kansas City, MO  64105
Pho:  816-521-8811
Fax:  816-221-7886
ATTORNEY FOR PLAINTIFF