# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

**IN RE:**

Blair H. AULD

       Debtor,                       Case No:  10-24385

## TRUSTEE'S MOTION TO DISGORGE ATTORNEY'S FEES

**COMES NOW** the Chapter 13 Trustee, W. H. Griffin, and hereby moves the Court for an order disgorging from debtor's counsel funds paid to her and denying payment to her of additional funds. In support of the Trustee's motion the Court is advised:

1. The debtor's Chapter 13 Bankruptcy case was filed December 30, 2010.  The debtor was previously represented by Ken Gay who withdrew from the case by an order dated May 31, 2011.

2. The debtor's current counsel, Joanne Stutz, filed a motion to be employed as counsel August 31, 2011, document #77. There has been no order entered authorizing her to be employed as counsel for the debtor.

3. The Trustee incorporates by reference allegations concerning Ms. Stutz's attorney fees, document numbers #143 & #159, Trustee's Response and Objection to Withdraw of Counsel and Trustee Objection to Debtor's 3rd Amended Chapter 13 Plan.

4. There has been extensive litigation in the case and a trial was before this Court on March 22, 2012, for the Court to consider the Trustee's Motion to Convert to Chapter 7 that has not been concluded. This case is now set for a Status Conference on May 24, 2012, at 3:00 p.m.

5. The Trustee's Response and Objection to Withdrawal as Counsel, document #143, filed March 30, 2012, attached a copy of Ms. Stutz's billing statements that she had provided to the Trustee as Exhibit A. Those statements indicate that

without order of or notification to this Court by Disclosure of Compensation Paid per FRBP Rule 2016(b) within 15 days, counsel has been paid substantial funds that should be disgorged and applied to the debtor's repayment plan. These funds have not been approved or earned. The Trustee believes the "duty to comply with the provisions of § 329 and FRBP Rule 2016(b) is one of the most serious and significant obligations imposed upon attorneys practicing in the bankruptcy system". *In Re Ball,* 2011 WL 7748356 (Bkrtcy.S.D.TEX.), *In re TJN, Inc*., 194 B.R. 400, 403 (Bankr.D.S.C. 1996) and the Trustee believes it is central to the integrity of the bankruptcy process that these rules are not taken lightly and are complied with.

6. Debtor's counsel filed no such disclosure and per the document attached to the Trustee's Response and Objection to Withdraw as Counsel marked Exhibit A, and attached hereto again as Exhibit A, counsel received $2,000 on July 27, 2011, over a month before she filed a Motion to be employed and, withdrew $1,500 from her trust account September 12, 2011. None of these fees have been received by counsel in compliance 2016(b).

7. On October 18, 2011, counsel received another $950 in cash and on November 11, 2011, received $2,100 more in cash. None of these were paid to counsel with the approval of this Court or disclosure to this Court.

8. On December 11, 2011, an additional $1,000 was paid from the trust account on the debtor's bill without disclosure and on February 7, 2012, it is indicated cash receipts of $1,700 more without this Court's approval.

9. Significantly, debtor's counsel per Exhibit A appears to state that she reminded her client of her ability to withdraw referring to her initial motion to be employed as counsel which was never approved by this Court. Then 5 days later on March 19, 2012, debtor apparently gave her $6,000 in cash without this Court's approval or knowledge.

10. To date counsel has apparently received $15,250 either in cash or being withdrawn from her trust account without filing within 15 days as is required by Rule 2016(b), a disclosure concerning said funds received or paid.

11. Debtor's counsel has failed to timely file a 2016(b) Statement of Compensation in compliance with § 329 and that constitutes independent grounds for ordering disgorgement of her fees. See *In Re Dixon,* 143 B.R. 671, 680 (Bankr.N.D.Tex.1992) "strict and timely compliance with the disclosure requirements set forth in § 329 and Rule 2016(b) is absolutely imperative in Chapter 13 cases." *In Re Fricker,* 131 B.R. at 932, 940 (Bankr.E.D.Pa.1991).  See also *In Re Berg*, 356 B.R. at 378 (Bankr.E.D.Pa.2006).

12. Not only has counsel not been approved for her Motion to be Employed per 11 U.S.C. § 329, the Trustee believes that most if not all of her transactions were not to the benefit of the debtor and, only used to delay, hinder and manipulate the Trustee's prosecution of his Motion to Convert to Chapter 7 or to get all filed and allowed claims paid 100%.

13. The proposed plan payment amount per the most recent amendment of $2,020 a month will not be feasible since on April 30, 2012, Edward Sudendorf via his attorney Richard S. Fisk filed a Proof of Claim for $70,000 for both pre and post-petition transfers to the debtor. Mr. Sudendorf was not listed in the original schedules and debtor was not approved to obtain a loan post-petition as he apparently did in the amount of $26,000 on January 31, 2011.

14.  Counsel's motion for entry of an order granting her motion to be employed and the amended Chapter 13 Plan, appear to present an inherent conflict between the debtor and counsel as he is apparently out of funds.  Previous schedules she has filed on his behalf indicate that he has no funds available to pay on an increased plan payment.

15. There have been no amended schedules to show feasibility and there has been no testimony by the debtor on his ability to pay his creditors in full and why he is now willing to do so in light of his counsel's strenuous objections to the Trustee's Motion to Convert to Chapter 7.

16. The counsel's proposed fees of $300 per hour appear to be unreasonable and are greatly in excess of any fees charged in this region by at least $50 to $100 per hour.

17. The counsel's fees appear to be duplicitous, excessive, and redundant when reviewed in their totality. They greatly exceed what appears to be reasonably necessary to get this debtor a confirmed 100% Plan. Had the debtor made to the Chapter 13 Trustee the payments he made to counsel he would have already reduced a significant amount of his unsecured debts. The excessive fees charged to this debtor were of no benefit to this debtor and counsel's acts have unduly prolonged the proceedings. Additionally, the counsel's detailed description of legal services set forth appear to be wholly inadequate to determine whether the amount of time for such legal services was reasonable. The lack of information provides additional support for not allowing the fees requested. See *In Re: Matney, 365 Fed.Appx 126, 2010 WL 456911 (C.A.10)*.

18. In paragraphs 6 and 9 of document #159, the Trustee outlines examples of what he believes to be inadequate descriptions of services rendered that total 15.25 hours.

19. For example, when counsel amended the schedules November 28, 2011, to state that debtor only had excess income of $68 per month when the plan payment was still at $900 per month, she knew or should have known, that the debtor had within the prior 2 or 3 months paid Ed Gillette, criminal defense attorney, $7,500 and had paid her substantial funds. Yet, on the amended schedules, there is no indication that attorneys are being paid nor has there ever been a motion to employee and use Mr. Gillette.

20. Concerning Mr. Gillette, he was engaged to defend the debtor against a criminal charge for damage to property to which the debtor plead guilty to on November 17, 2011, a copy of that plea agreement is attached and by reference made a part hereof as Exhibit B. The debtor's plea of guilty to this charge confirms the Trustee's assertion before this Court, that there were assets transferred but not disclosed or on hand at filing.

21. Between July, 2010, and the filing of the Petition in December, 2010, Mr. Auld who had purchased the 2008 Shelby Mustang new for over $48,000 in 2008, and apparently stripped the vehicle of its complete drive train, wheels, brakes, suspension, all leather interior and either had those parts on hand the date he filed

or, disposed of them outside of the normal course of business. Neither disclosure was made in the SOFA or in his Schedule B. This may seem like a small amount of money, but it in fact is not. Thoroughbred Ford who sold the debtor the car new, stated to the Chapter 13 Trustee the "long block" of the engine alone was over $15,000 from Ford and that does not include all the attached accessories such as power steering, air conditioning, pulleys, hoses, exhaust system, super charger etc. Based on the Trustee's discussions at Thoroughbred Ford, it is believed that in excess of $25,000 to $30,000 in parts were removed from the vehicle and have not been accounted for thus the need for a Chapter 7 Trustee and for this Court to not enable and reward the debtor for his willful non-disclosures, counsel's non-disclosures and now a hindrance and delay to creditors.

22. In the totality of circumstances in this case, it appears counsel's fees are excessive and were of no benefit to the debtor. Additionally, they were not approved by an order of this Court and should be disgorged and paid to the debtor's unsecured creditors as they represent non-disclosed, wrongfully obtained, excess income.

**WHEREFORE**, the Chapter 13 Trustee requests that this Court enter an Order disgorging all fees received but not disclosed and for any other relief the Court finds appropriate under the circumstances.

Respectfully submitted by:

s/W. H. Griffin, Chapter 13 Trustee

_____
W. H. GRIFFIN, #08060, TRUSTEE
6330 Lamar, Ste. 110
Overland Park, Kansas 66202-4286
(913) 677-1311
(913) 432-7857 (Fax)
inquiries@13trusteekc.com

## NOTICE OF NONEVIDENTIARY HEARING ON TRUSTEE'S
## MOTION TO DISGORGE ATTORNEY'S FEES

The above named debtor and debtor's attorney are hereby notified the above Motion is set to a nonevidentiary hearing that will be held before the U.S. Bankruptcy Court, 500 State Avenue, Room 144, Kansas City, Kansas 66101 on May 24, 2012, at 3:00 p.m.

s/W. H. Griffin, Chapter 13 Trustee

_____
W. H. GRIFFIN, #08060, TRUSTEE

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify that a true and attested copy of the above and foregoing Motion has been forwarded to the following either electronically or by U.S. Mail, first class postage prepaid, on May 10, 2012:

Blair H. Auld
24750 West 190th Street
Gardner, Kansas 66030

Joanne B. Stutz
Evans & Mullinix
7225 Renner Road, Suite 200
Shawnee, KS 66217
Attorney for Debtors

Clerk of the Bankruptcy Court
500 State Avenue
Kansas City, Kansas 66101

s/W. H. Griffin, Chapter 13 Trustee

_____
W. H. GRIFFIN, #08060, TRUSTEE